UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN NARCISSE,<br>        *Plaintiff*,<br><br>        v.<br><br>MERRIAM DELPHIN-RITTMAN,<br>        *Defendant*. | No. 3:16-cv-00699(JAM) |

**RULING DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Marvin Narcisse has filed this petition for writ of habeas corpus to challenge his continued confinement at the Whiting Forensic Division of Connecticut Valley Hospital, a maximum and enhanced security state mental hospital. The Court has reviewed the petition, and finds that the petition must be dismissed for lack of jurisdiction.

### BACKGROUND

According to the allegations of the petition, petitioner appeared before the Connecticut Superior Court on July 31, 2013, and he pled not guilty by reason of mental disease or defect. *See* Conn. Gen. Stat. § 53a-13. He is now allegedly confined for a term of 40 years at a state mental hospital, presumably pursuant to Conn. Gen. Stat. § 17a-582, which provides for the custodial commitment of persons who are acquitted of a crime by reason of mental disease or defect.

Petitioner seeks a writ of habeas corpus on the grounds (1) that his plea of not guilty was involuntary because he was not properly canvassed at his plea hearing as required by *Duperry v. Solnit*, 261 Conn. 309 (2002), and (2) that he received ineffective assistance of counsel to defend against the criminal charges. He filed this petition on May 4, 2016 seeking immediate release and unconditional discharge.

## DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statutory procedures set forth under § 2254 apply not only to persons who are in state custody by reason of conviction of a crime but also to persons who are in state custody pursuant to a plea of not guilty by reason of mental defect. *See, e.g., Richard S. v. Carpinello*, 589 F.3d 75, 80 (2d Cir. 2009).

With certain exceptions, a prerequisite to habeas corpus relief under § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id*. § 2254(b)(1)(A); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it"). As the Second Circuit has explained, the exhaustion rule "ensur[es] that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." *Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005) (Sotomayor, J.).

Petitioner states that he has not filed any appeals in state court, nor sought any administrative remedy regarding the lack of plea canvass or ineffective assistance of counsel at his July 31, 2013 hearing. *See* Doc. #1, ¶¶ 7-9. His petition must therefore be denied for failure to meet § 2254's exhaustion requirements.

In addition, subject to certain exceptions, federal law requires that a petition for habeas corpus relief be filed within one year of a state court judgment becoming final. *See* 28 U.S.C. §

2244(d)(1). A state court judgment becomes "final" at the conclusion of any direct appeal of a judgment—specifically, on the date when the highest court to which petitioner has sought review has denied relief or, if he has not sought such review, the date when the time for seeking such review has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012); *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir. 2001).

Under Connecticut law, a notice of appeal of a state trial court judgment or decision must be filed within twenty days of the decision. *See* Conn. Prac. Book § 63-1(a). According to the petition, the date of decision in petitioner's case was July 31, 2013; therefore, if petitioner did not file a timely notice of appeal, the state trial court judgment which petitioner now challenges presumably became final on August 20, 2013. The present petition was filed on May 4, 2016, far more than one year after the state court judgment appears to have become final. The petition is therefore untimely and must be dismissed.

The Clerk shall close this case. If petitioner believes that the Court is mistaken with respect to any of the facts or law set forth in this ruling, then petitioner may file a motion to re-open this case for further consideration within 30 days from the date of this order.

It is so ordered.

Dated at New Haven this 13th day of May 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge